IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SOLOMON S. KENNEDY                                                                    PLAINTIFF

V.                                                     CIVIL ACTION NO.: 4:07cv187-WAP-EMB

CHRISTOPHER B. EPPS, ET AL.                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this case on May 13, 2008, to determine if there exists a justiciable basis for Plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In this case, the Plaintiff alleges that while incarcerated at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi, he was assaulted by gang members at Unit 29-I on January 13, 2007. He testified he was later transported to the prison hospital where he was given two shots for pain and aspirin. Plaintiff claims that treatment was "grossly inadequate" and testified that he was released the same night. He testified that he sustained a broken jaw, and it took some six months before his face was back to normal. Plaintiff further testified that three days after he was assaulted, he went to

Defendant James Brewer's office where he "red tagged" the inmates who assaulted him.

The Complaint also alleges that the threat of harm from inmate-on-inmate violence at Unit 29 was pervasive because, among other things, the unit was understaffed, officials refused to segregate violent offenders and gang members from other inmates and officials refused to punish inmates who attacked other inmates.

To the extent Plaintiff claims he was denied medical care, his own testimony establishes that he received treatment for his injuries related to the assault. Plaintiff's dissatisfaction with that treatment does not state a constitutional claim. *See Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964-65 (5th Cir.2004).

Plaintiff's failure to protect claim is not so clear cut. It is well-established that prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834 (citations omitted). Second, the prison officials must have acted or failed to act with " 'deliberate indifference to inmate health or safety.' " *Id.* (citations omitted). In this context, "deliberate indifference" means that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Id.* at 837. In this case, Plaintiff has alleged no facts which indicate that any of the named defendants knew or should have known that he would be attacked by the subject gang members. Indeed, it was not until after the attack that Plaintiff actually red-tagged these inmates. As such, to the extent Plaintiff's claim is based on this particular attack, it should be dismissed.

However, deliberate indifference has been found in prison situations "where terror reigns," and courts have held that failure to control or segregate prisoners who pose a danger to the physical safety of other prisoners can constitute cruel and unusual punishment. *See, e.g., Alberti v. Klevenhagen*, 790 F.2d 1220, 1226 (5th Cir. 1986), *reh'g denied,* 799 F.2d 1220 (5th Cir. 1986); *Stokes v. Delcambre,* 710 F.2d 1120, 1124-25 (5th Cir. 1983); *Jones v. Diamond,* 636 F.2d 1364, 1373-74 (5th Cir.1981). In this case, Plaintiff alleges that prison officials essentially allowed conditions where gangs and violent inmates were free to terrorize and victimize other inmates at Unit 29. Therefore, to the extent that Plaintiff's case is based on a theory of pervasive violence only, this claim should be allowed to proceed.

Therefore, it is my recommendation that Plaintiff's medical claim and any claim that defendants are liable because they failed to prevent the attack against him by the particular gang members described in the Complaint be dismissed. However, it is further recommended that Plaintiff's failure to protect claim based on a theory of pervasive violence at Unit 29 at MSP be allowed to proceed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 16th day of May, 2008.

                                                  **/s/ Eugene M. Bogen**
                                                    **UNITED STATES MAGISTRATE JUDGE**