**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SOLOMON S. KENNEDY**   **PLAINTIFF**

**v.**   **No. 4:07CV187-P-S**

**CHRISTOPHER EPPS, ET AL.**   **DEFENDANTS**

**CONSOLIDATED WITH**

**SOLOMON S. KENNEDY**   **PLAINTIFF**

**v.**   **No. 4:08CV40-P-S**

**CHRISTOPHER EPPS, ET AL.**   **DEFENDANTS**

**Report and Recommendation**

This matter comes before the court after a hearing to determine which defendants named in this case actually participated in the incident giving rise to the plaintiff's sole remaining claim – that his injuries resulted from pervasive violence in Unit 29 of the Mississippi State Penitentiary in 2007. After conducting the hearing, for the reasons set forth below, the undersigned recommends that the court dismiss all defendants except Ricky Scott, Lieutenant Shirley Harris, and Corrections Officer James Griffin.

**Discussion**

When he filed this case on November 8, 2007, the plaintiff was clearly confused regarding the correct persons to include as defendants. After the recent hearing to determine which defendants actually participated in the events leading up to the attack on the plaintiff, it became obvious that the plaintiff had included some defendants who were only named under a theory of *respondeat superior*, some he wished only to call as witnesses, some involved in claims other than that pervasive violence led to the plaintiff's attack, and some who actually

*assisted* the plaintiff with this incident or others. Each group of defendants will be discussed in turn below.

### *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). The following defendants have been sued only in their capacity as supervisors (they had no personal involvement in the events leading to the attack on the plaintiff): **Commissioner Christopher Epps, Captain James Brewer, Superintendent Lawrence Kelly,** and **Captain Shelby**. As such, the undersigned respectfully recommends that all claims against these defendants be dismissed for failure to raise a constitutional question.

### Witnesses Only

The plaintiff stated at the hearing that the following people were named as defendants solely because he may call them as witnesses at trial: **Barbara Crocker, Captain Casey[1], and Mary Conrad.** As the plaintiff has not alleged that these defendants caused or contributed to the incident leading to the present claim, they should be dismissed from this case.

### Allegations Regarding Claims Other Than Pervasive Violence

The plaintiff has also alleged that the following defendants took actions that either fail to rise to the level of a constitutional claim – or involving claims other than the sole claim

---

[1]This is the same person as Cynthia Carson.

remaining in this case (that pervasive violence led to the attack on the plaintiff): **Captain Armstrong** (providing false statements on incident reports, miscalculating the plaintiff's release date), **Associate Warden Verlena Flagg** (failing to investigate an unrelated subsequent claim)**, Shirley White** (miscalculating the plaintiff's release date)**, Florence Jones** (miscalculating the plaintiff's release date)**, D. C. Powell** (finding the plaintiff guilty of an unrelated violation)**, Lieutenant Walker** (finding the plaintiff guilty of numerous violations)**, Corrections Officer Steel** (accusing the plaintiff of an unrelated violation), **Dr. Kim** (releasing the plaintiff from medical care too soon), **Beverly Shelby**[2] (failing to assist the plaintiff with unrelated matters) **Mary Diggs** (presiding over the plaintiff's hearing on an unrelated matter), **Pamela Robertson** (miscalculating the plaintiff's release date), **Albert First** (failing to take steps to assist the plaintiff – because First was not notified of the attack), **Regina Caplan** (blaming the plaintiff for actions unrelated to the incident), **Dr. Juan Santos** (releasing the plaintiff from medical treatment too soon), **Nathan Harris** (accusing the plaintiff with blocking the guards' view into the plaintiff's cell with a towel), **Captain Henry Maxwell** (attacking the plaintiff in 2010, long after the 2007 incident in question), **Johnny Scott** (holding a bad attitude toward the plaintiff), and **Edward Thigpen** (causing the plaintiff to miss a jury trial). As these defendants were not involved in events leading to the attack on the plaintiff, then they should be dismissed from this case.

---

[2]This is the same person as Captain Shelby.

### People Who Helped the Plaintiff

The remaining defendants actually helped the plaintiff after the attack or with other matters: **Barbara Crocker**, **Captain Casey**, **Carolyn Willis**[3], and **Mary Conrad**. As these defendants helped the plaintiff, rather than harming him, they should be dismissed from this case.

### Conclusion

In sum, the following defendants should remain in the case: **Ricky Scott**, **Lieutenant Shirley Harris**, and **Corrections Officer James Griffin**. For the reasons set forth above, however, the undersigned respectfully recommends that plaintiff's claims against all other defendants be dismissed with prejudice.

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 14 days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

---

[3]This is the same person as Lieutenant Willis.

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. Because of the misuse of the court's postage paid envelopes, these envelopes are no longer provided. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

**Respectfully recommended** this the 15th day of February, 2011.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE